FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

2010 MAR 19 PM 1:31

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JESSIE VU and KRISTIE MAI, individually and as representatives of all similarly situated individuals,** | CASE NO. |
| Plaintiffs, | 10-930 |
| versus | |
| **PROGRESSIVE ADVANCED INSURANCE COMPANY, PROGRESSIVE CASUALTY INSURANCE COMPANY, PROGRESSIVE CHOICE INSURANCE COMPANY, PROGRESSIVE CLASSIC INSURANCE COMPANY, HOMESITE INSURANCE COMPANY, and IDS PROPERTY CASUALTY INSURANCE COMPANY** | SECT. L MAG.2 |
| Defendants. | JURY DEMAND |

## CLASS ACTION COMPLAINT

NOW INTO COURT COME Plaintiffs, Jessie Vu and Kristie Mai, individually and as representatives of all similarly situated individuals, and bring this Class Action Complaint against Defendants, Progressive Advanced Insurance Company, Progressive Casualty Insurance Company, Progressive Choice Insurance Company, Progressive Classic Insurance Company, Homesite Insurance Company, and IDS Property Casualty Insurance Company (herein collectively referred to as "Progressive"). Plaintiffs seek a declaratory judgment that Progressive is obligated to provide coverage to individuals who purchased all-risk homeowner's insurance policies from Progressive or any authorized Progressive agent and who made claims for damages to their homes

caused by Chinese manufactured drywall.

## PARTIES

1. Plaintiffs, Jessie Vu and Kristie Mai, are persons of full age and majority, domiciled in the Parish of Orleans, State of Louisiana, residing at 11342 Pressburg Street, New Orleans, Louisiana 70128-3027.

2. In May of 2009, Plaintiffs renewed their homeowner's policy from Progressive, Policy Number 30686469, as they had done every year since 2006. The current policy had a coverage period between May 23, 2009 and May 23, 2010. Plaintiffs paid the premium on the policy in full and made a claim, Progressive Claim Number 0001112561, which was denied in writing by Progressive on July 11, 2009.

3. Plaintiffs, Jessie Vu and Kristie Mai, bring this action on their own behalf and on behalf of all similarly situated persons who are defined to be the following:

> All individuals in the United States who purchased a homeowner's insurance policy from Progressive, directly or through any Agent of Progressive, and who made a claim for insurance coverage for damages to their homes sustained as a result of the presence of Chinese-manufactured drywall with Progressive pursuant to that policy and whose homeowner claim was denied by Progressive. (Hereinafter referred to as the "Class").

4. Excluded from the Class are Progressive; officers, directors, board members, or employees of Progressive; any entity in which Progressive has a controlling interest; affiliates, legal representatives, attorneys, heirs or assigns of Progressive; any federal, state or local government entity; and any judge, justice, or judicial officer presiding over this matter and the members of their immediate

families and judicial staffs. Plaintiffs reserve the right to modify or amend this Class definition if discovery and/or further investigation reveal the necessity to do so.

5. Plaintiffs and Class members contemplate sub-classes to ameliorate any choice of law concerns and/or ensure compliance with Federal Rule of Civil Procedure 23(a) and 23(b); more specifically, sub-classes are contemplated based upon the 50 states and the District of Columbia to the extent the laws of the various states differ.

6. Plaintiffs will brief the issue of any necessary sub-classes with the filing of their Class Certification Brief which will be filed as soon as practical and in accordance with any and all delays imposed by law.

7. Defendant, Progressive Advanced Insurance Company, is an Ohio company with its principal place of business located in Ohio with a mailing address of P.O. Box 89490, Cleveland, OH 44101-6490, who has designated the Louisiana Secretary of State as its agent for service of process in Louisiana.

8. Defendant, Progressive Casualty Insurance Company, is an Ohio company with its principal place of business located in Ohio with a mailing address of P.O. Box 89490, Cleveland, OH 44101-6490, who has designated the Louisiana Secretary of State as its agent for service of process in Louisiana.

9. Defendant, Progressive Choice Insurance Company, is an Ohio company with its principal place of business located in Ohio with a mailing address of P.O. Box 89490, Cleveland, OH 44101-6490, who has designated the Louisiana Secretary

of State as its agent for service of process in Louisiana.

10. Defendant, Progressive Classic Insurance Company, is an Ohio company with its principal place of business located in Ohio with a mailing address of P.O. Box 89490, Cleveland, OH 44101-6490, who has designated the Louisiana Secretary of State as its agent for service of process in Louisiana.

11. Defendant, Homesite Insurance Company, is a Connecticut company with its principal place of business located in Massachusetts with a mailing address of 99 Bedford Street, Boston, Massachusetts 02111.

12. Defendant, IDS Property Casualty Insurance Company, is a Wisconsin company with its principal place of business located in Wisconsin with a mailing address of 3500 Packerland Drive, DePere, Wisconsin 54115.

13. At all times relevant hereto, each of the Defendants acted as the agent of each of the other Defendants.

## JURISDICTION AND VENUE

14. This Court has subject matter jurisdiction pursuant to the Class Action Fairness Act, 28 U.S.C. §§ 1332(d). Plaintiffs assert this action as a class action in which the amount in controversy exceeds $5,000,000 and minimal diversity exists. Plaintiffs herein are residents of Louisiana. None of the Defendants herein are residents of Louisiana.

15. This Court has personal jurisdiction because Defendant, Progressive, maintains extensive contacts in Louisiana through the sale, advertising, marketing and underwriting of insurance in Louisiana. Progressive also maintains regional

offices and local offices in the South and Southeast United States to service the State of Louisiana.

16. Venue is proper in the Eastern District of Louisiana pursuant to 28 U.S.C. §§ 1391 (a)(2) & (3) because a substantial part of the events giving rise to this litigation occurred in Louisiana and because this Court had personal jurisdiction over Progressive at the time of commencement of this action.

17. Venue is otherwise appropriate in this Court by operation of 28 U.S.C. § 1407 and the June 15, 2009 Transfer Order of the Judicial Panel on Multidistrict Litigation[1].

## BACKGROUND

18. Plaintiffs renewed their homeowner's Insurance Policy Number 30696469 through Progressive Home Advantage on May 23, 2009. The policy is described by Progressive as an "All-Risk" Policy, utilizing ISO Form HO3, which provided coverage for, among other things, their dwelling ($243,000), personal property ($121,500), and loss of use ($48,600).

19. Beginning in the Spring of 2009, Plaintiffs and Class members became aware of the potential damaging effects of Chinese manufactured drywall through various media reports, primarily through local television and print news. Subsequent to these reports and other investigations conducted Plaintiffs and Class members, they discovered that their properties were constructed using Chinese

---

[1] See *In re Chinese-Manufactured Drywall Products Liability Litigation*, 626 F.Supp 2d 1346 (J.P.M.L. 2009).

manufactured drywall, which caused, and continues to cause, physical loss and damage to their properties and contents. The Chinese drywall emits compounds that cause rapid corrosion of air-conditioner coils, copper tubing, electrical wiring, computer wiring, and other household items.

20. Plaintiffs contacted Progressive to make a claim for coverage on July 10, 2009. The claim was denied in writing on July 11, 2009. Progressive alleged the Date of Loss was March 31, 2009. Plaintiffs conducted several inspections of their homes and confirmed the presence of Chinese manufactured drywall. At all relevant times, Plaintiffs had full coverage through Progressive under one of their "All-Risk" Policies.

21. Plaintiffs and Class members purchased homeowner's insurance policies from Progressive and/or authorized Progressive Agents, providing coverage for all risks of direct physical loss or damage to the home, contents and other permanent structures, unless a named exclusion applies.

22. Upon information and belief, Progressive sells and writes substantially similar homeowner's policies across the nation that are identical or substantially similar in respect to coverage of damages to property caused by Chinese manufactured drywall.

23. Upon information and belief, Progressive has denied and/or intends to deny the homeowner's policy claims of all Class members due to the following exclusions (hereinafter collectively referred to as the "Policy Exclusions"):

    a.    Pollution Exclusion;

b. Wear and Tear, Inherent Vice and/or Latent Defect Exclusion; and,

c. Materials Defect and/or Faulty Workmanship Exclusion.

## CLASS ACTION ALLEGATIONS

24. Plaintiffs bring this class action on behalf of all similarly situated persons, pursuant to Federal Rule of Civil Procedure 23(b)(2).

25. The proposed Class is defined as follows:

All individuals in the United States who purchased a homeowner's insurance policy from Progressive, directly or through any Agent of Progressive, and who made a claim for insurance coverage for damages to their homes sustained as a result of the presence of Chinese-manufactured drywall with Progressive pursuant to that policy and whose homeowner claim was denied by Progressive. (Hereinafter referred to as the "Class").

26. Defendant, Progressive, has refused to provide coverage to members of the Class on grounds that apply generally to the Class, such that final injunctive relief and/or corresponding declaratory relief, concerning the exclusions for which Progressive has based its denial of coverage to members of the Class, is appropriate respecting the Class as a whole.

## COUNT I
## DECLARATORY RELIEF

27. Plaintiffs and Class members incorporate each of the preceding paragraphs as if fully set forth herein at length.

28. Plaintiffs and Class members hold valid contracts of insurance with Progressive, providing coverage for the loss and damage caused by the Chinese manufactured drywall.

29. Plaintiffs and Class members have paid all premiums due under their respective

policies of insurance with Progressive and have otherwise materially performed their obligations under their respective policies.

30. The presence of Chinese manufactured drywall caused the damages and losses sustained by Plaintiffs and Class; however, Progressive has failed to meet its obligations under the respective insurance policies and refuses to cover the losses sustained by Plaintiffs and Class members.

31. Progressive has breached its contracts of insurance with Plaintiffs and Class members by unjustifiably denying their claims for damages covered by their respective policies.

32. As a direct and proximate result of Progressive's breach, Plaintiffs and Class members have been and continue to be deprived of the benefits of insurance coverage for which Progressive was paid substantial premiums. Accordingly, Plaintiffs and Class members have suffered, and continue to suffer, substantial economic damage, particularly associated with their remediation efforts.

33. Progressive misrepresents the policy provisions, including the Policy Exclusions, in denying the insurance claims of Plaintiffs and Class members.

34. The Pollution Exclusion was never intended to apply to residential homeowner's claims for damages caused by substances emitted from building materials. The Pollution Exclusion was intended to apply only to those incidents which would otherwise cause environmental damage and/or otherwise originate from a source outside of the home.

35. The Wear and Tear, Inherent Vice and/or Latent Defect Exclusion was intended

to apply to expected losses relating to the longevity of a given material and intended to exclude losses which must inevitably happen over time and/or will inevitably occur due to a defect within the item. In either case the defect or the passage of time causes damage to the item itself, not to other items. In homes containing Chinese manufactured drywall, the drywall itself is not damaged or defective relative to the expected performance of non-defective drywall. Instead, Chinese manufactured drywall causes damage to other items but is itself undamaged.

36. The Materials Defect and/or Faulty Workmanship Exclusion does not apply to Chinese manufactured drywall because the drywall itself performs satisfactorily all of the functions of non-defective drywall and because the drywall was installed properly. Chinese manufactured drywall is fit for its intended use for hanging wall-mounted effects, for painting, as a sound barrier, for heat insulation and as a partition between areas in a home and, consequently, is non-defective relative to the intended function of typical drywall in a home. Furthermore, the damages caused by Chinese manufactured drywall do not involve how the drywall was hung and, therefore, do not involve workmanship issues.

37. Plaintiffs and Class members are entitled to declaratory relief against Progressive in accordance with Federal Rule of Civil Procedure 23 (b)(2), striking the Policy Exclusions, declaring the Policy Exclusions to be inapplicable to damages arising from Chinese manufactured drywall, and/or finding the Policy Exclusions to be ambiguous and construing them against Progressive.

## COUNT II
## BAD FAITH

38. Plaintiffs and Class members incorporate each of the preceding paragraphs as if fully set forth herein at length.

39. In denying Plaintiffs and Class members' respective claims, Progressive has breached its duty of good faith and fair dealing owed to Plaintiffs and Class members,.

40. Progressive's misrepresentation of the Policy Exclusions constitutes bad faith on the part of Progressive.

41. Plaintiffs and Class members are entitled to declaratory relief against Progressive in accordance with Federal Rule of Civil Procedure 23 (b)(2), declaring that Progressive's misrepresentation of the Policy Exclusions in order to deny Plaintiffs and Class members' claims constitutes bad faith.

## COUNT III
## INJUNCTIVE RELIEF

42. Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein at length.

43. As a direct and proximate result of Progressive's denial of homeowner's claims for damages resulting from Chinese manufactured drywall, Plaintiffs and Class members have been and continue to be deprived of the benefits of insurance coverage for which Progressive was paid substantial premiums, and, accordingly, Plaintiffs and Class members have suffered, and continue to suffer, substantial economic damage, particularly associated with their remediation

efforts.

44. The damage caused by Chinese manufactured drywall in Plaintiffs and Class members' homes is ongoing.

45. Full remediation of Plaintiffs and Class members' homes is the only means of stopping the damage currently being caused by Chinese manufactured drywall in Plaintiffs and Class members' homes.

46. Plaintiffs and Class members' ability to remediate their respective homes has been significantly hampered by Progressive's failure to honor the homeowner's policies of Plaintiffs and Class members.

47. Upon information and belief, Progressive intends to drop and/or not renew Plaintiffs and Class members' homeowner's current insurance coverage, increase their rates, and/or otherwise deter Plaintiffs and Class members from renewing and/or retaining homeowner's insurance with Progressive due to the presence of Chinese manufactured drywall in Plaintiffs and Class members' homes, for which Progressive refuses cover remediation under Plaintiffs and Class members' current policies.

48. In order to protect Plaintiffs, Class Members, and the public at large, Progressive should be preliminarily enjoined from dropping coverage, increasing rates of coverage, or in any other way deterring Plaintiffs and Class members from renewing and/or retaining homeowner's insurance with Progressive due to the presence of Chinese manufactured drywall in Plaintiffs and Class members' homes.

49. Plaintiffs and Class Members have a substantial likelihood of success on the merits of demonstrating that Progressive misrepresents the Policy Exclusions in denying Plaintiffs and Class members' claims under their respective policies, and that such misrepresentation constitutes bad faith and has and will continue to cause Plaintiffs and Class members substantial damage.

50. Plaintiffs and Class Members risk irreparable harm should the Court not grant preliminary injunctive relief as sought because Progressive's refusal to provide coverage for damages relating to Chinese manufactured drywall in Plaintiffs and Class members' homes can and will cause catastrophic consequential damage to Plaintiffs and Class members including, but not limited to, severe mental anguish, broken relationships and families, foreclosure of homes, bankruptcy, damaged credit scores, insurmountable debt, stress, strain, and countless other negative effects associated with the loss of one's home and financial stability.

51. The potential harm to Plaintiffs and Class members is so great that any minimal expenses incurred by Progressive as a result of this preliminary injunction is far outweighed by the risk of harm to Plaintiffs and Class members.

52. Because Progressive's refusal to provide coverage to Plaintiffs and Class members has the potential to wreck the lives of individuals across the nation, the public may also be injured by the consequential economic impacts of hundreds of foreclosures, bankruptcies, and credit calls, which will undoubtedly affect the national economy. As a result, the granting of the preliminary injunction sought by Plaintiffs and Class members would serve the public interest.

53. Plaintiffs and Class members are entitled to injunctive relief consistent with the immediately preceding paragraphs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, individually and on behalf of the members of the Class, demand judgment in their favor and against Progressive as follows:

    a. For an Order certifying the Class pursuant to Federal Rule of Civil Procedure 23, appointing Plaintiffs as the representatives of the Class, and appointing named counsel for Plaintiffs herein as counsel for the Class;

    b. For an award of equitable and declaratory relief as requested and according to proof;

    c. For penalties against Progressive, consistent with the maximum amount allowed by law, based on the degree of Progressive's bad faith, reprehensibility and the resulting and/or potential harm to Plaintiffs and members of the Class, as well as an amount sufficient to punish Progressive and deter Progressive and other insurance carriers from similar wrongdoing;

    d. For restitution and disgorgement of profits;

    e. For an award of all costs incurred by Plaintiffs in pursuing this action;

    f. For an award of reasonable attorneys' fees;

    g. For an Order enjoining Progressive from dropping coverage, refusing to renew coverage, and/or in any other way discouraging or preventing

        members of the Class from obtaining and/or maintaining insurance coverage through Progressive for their respective homes which contain Chinese manufactured drywall and have not been remediated due to Progressive's failing to honor Class members' claims for coverage under Progressive homeowner's insurance policies; and,

h.     For any other relief the Court deems reasonable.

## JURY DEMAND

Plaintiffs demand a trial by jury on all factual issues.

Dated: March 19, 2010

Respectfully submitted,

/Russ M. Herman, Esquire (Bar No. 6819)
Leonard A. Davis, Esquire (Bar No. 14190)
Stephen J. Herman, Esquire (Bar No. 23129)
HERMAN, HERMAN, KATZ & COTLAR, LLP
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
Ldavis@hhkc.com
*Plaintiffs' Liaison Counsel*
*MDL 2047*

Arnold Levin
Fred S. Longer
Levin, Fishbein, Sedran & Berman
510 Walnut Street, Suite 500
Philadelphia, PA 19106
215-592-1500 (phone)
215-592-4663 (fax)
Alevin@lfsblaw.com
*Plaintiffs' Lead Counsel*
*MDL 2047*

| | |
|---|---|
| Dawn M. Barrios<br>701 Poydras Street<br>Suite 3650<br>New Orleans, LA  70139<br>PH:  (504) 524-3300<br>Fax:  (504) 524-3313 | Daniel E. Becnel, Jr.<br>425 W. Airline Highway<br>Suite B<br>LaPlace, LA  70068<br>PH:  (985) 536-1186<br>Fax:  (985) 536-6445 |
| Victor M. Diaz<br>25 Flagler Street<br>8th Floor<br>Miami, FL  33130<br>PH:  (305) 358-2800<br>Fax:  (305) 358-2382 | Ervin Amanda Gonzalez<br>255 Aragon Avenue<br>Cora Gables, FL  33134<br>PH:  (305) 476-7400<br>Fax:  305) 476-7444 |
| Ben Gordon<br>316 S. Baylen Street<br>Suite 600<br>Pensacola, FL  32502<br>PH:  (850) 435-7090<br>Fax:  (850) 436-6091 | Hugh P. Lambert<br>701 Magazine Street<br>New Orleans, LA  70130<br>PH:  (504) 581-1750<br>Fax:  (504) 529-2931 |
| Arnold Levin<br>510 Walnut Street<br>Suite 500<br>Philadelphia, PA  19106<br>PH:  (215) 592-1500<br>Fax:  (215) 592-4663 | Gerald E. Meunier<br>2800 Energy Centre<br>1100 Poydras Street<br>New Orleans, LA  70163-2800<br>PH:  (504) 522-2304<br>Fax:  (504) 528-9973 |
| Jerrold Seth Parker<br>3301 Bonita Beach Road<br>Bonita Springs, FL  34134<br>PH:  (239) 390-1000<br>Fax:  (239) 390-0055 | James Robert  Reeves<br>160 Main Street<br>Biloxi, MS  39530<br>PH:  (228) 374-5151<br>Fax:  (228) 374-6630 |
| Christopher Seeger<br>One William Street<br>New York, NY  10004<br>PH:  (212) 584-0700<br>Fax:  (212) 584-0799 | Bruce William Steckler<br>3102 Oak Lawn Ave.<br>Suite 1100<br>Dallas, TX  75219<br>PH:  (214) 523-6674<br>Fax:  (214) 520-1181 |

| | |
|---|---|
| Scott Weinstein<br>12800 University Drive<br>Suite 600<br>Ft. Myers, FL 33907<br>PH: (239) 433-6880<br>Fax: (239) 433-6836 | |

**PLAINTIFFS' STEERING COMMITTEE**

**OF COUNSEL TO PLAINTIFFS' STEERING COMMITTEE**

| | |
|---|---|
| Richard S. Lewis<br>HAUSFELD LLP<br>1700 K Street, N.W Suite 650<br>Washington, DC 20006<br>Phone: (202) 540-7200<br>Fax: (202) 540-7201<br>rlewis@hausfeldllp.com<br><br>Daniel K. Bryson<br>Lewis & Roberts<br>3700 Glenwood Avenue, Suite 410<br>Raleigh, NC 27612<br>Phone: (919) 981-0191<br>Fax: (919) 981-0431<br>dkb@lewis-roberts.com | Jeremy W. Alters<br>Alters, Boldt, Brown, Rash & Culmo, P.A.<br>4141 N.E. 2nd Avenue<br>Suite 201<br>Miami, FL 33137<br>Phone: (305) 571-8550<br>Fax: (305) 571-8559<br>jeremy@abbrclaw.com<br><br>Richard J. Serpe, Esquire<br>Law Offices of Richard J. Serpe<br>Crown Center, Ste. 310<br>580 East Main Street<br>Norfolk, VA 23510-2322<br>rserpe@serpefirm.com |

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing pleading has been served on Defendants' Liaison Counsel, Kerry Miller, by e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 6, and that the foregoing was filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana and will be uploaded to the CM/ECF System by the Clerk's Office, which will send a notice of electronic filing in accordance with the procedures established in MDL 2047 on this 19th day of March, 2010.

Leonard A. Davis, Esquire
Herman, Herman, Katz & Cotlar, LLP
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
LDavis@hhkc.com

### *PLEASE SERVE:*

**Progressive Advanced Insurance Company**
*Through its agent for service of process:*
Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, LA 70809

**Progressive Casualty Insurance Company**
*Through its agent for service of process:*
Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, LA 70809

**Progressive Choice Insurance Company**
*Through its agent for service of process:*
Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, LA 70809

**Progressive Classic Insurance Company**
*Through its agent for service of process:*
Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, LA 70809

**Homesite Insurance Company**
*Through its agent for service of process:*
Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, LA 70809

**IDS Property Casualty Insurance Company**
*Through its agent for service of process:*
Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, LA 70809